105 P.3d 271

**In the Matter of Clinton E. MINER, attorney at law.**

**Idaho State Bar, Plaintiff,**

v.

**Clinton E. Miner, Defendant.**

**No. 28372.**

Supreme Court of Idaho.

April 22, 2002.

## ORDER

A CERTIFICATE OF TRANSCRIPT with attachments of proceedings before the Professional Conduct Board of the Idaho State Bar was filed by Plaintiff March 21, 2002 which contains an Order and Recommendation concluding that Defendant Attorney violated Idaho Rules of Professional Conduct 1.3 [diligence], 1.4 [communication], 1.16(d) [failure to take steps reasonably practicable to protect client's interests upon termination of representation], 3.2 [failure to expedite litigation consistent with the interests of the client], and 8.4(d) [conduct prejudicial to the administration of justice] with regard to Defendant Attorney's representation of Fred Quinto. The recommended disciplinary action is Public Censure pursuant to I.B.C.R. 506(d).

After review, the Court finds that Defendant Attorney, Clinton E. Miner, violated the above Rules of Professional Conduct and the recommended sanction of Public Censure is appropriate. Therefore, good cause appearing,

IT IS HEREBY ORDERED and the Court finds that Defendant Attorney, Clinton E. Miner, in the course of his practice of law in the State of Idaho with respect to his representation of Fred Quinto violated Idaho Rules of Professional Conduct 1.3 [diligence], 1.4 [communication], 1.16(d) [failure to take steps reasonably practicable to protect client's interests upon termination of representation], 3.2 [failure to expedite litigation

**6**

consistent with the interests of the client], and 8.4(d) [conduct prejudicial to the administration of justice].

IT IS FURTHER ORDERED that the sanction of a **PUBLIC CENSURE,** pursuant to Idaho Bar Commission Rule 506(d), is hereby imposed on Defendant Attorney, Clinton E. Miner, with regard to his violation of the Idaho Rules of Professional Conduct previously set out in this Order.

IT IS FURTHER ORDERED that Notice that the sanction of Public Censure has been imposed upon Defendant Attorney, shall be published in the *Advocate, The Lewiston Morning Tribune* and the *Idaho Reports* in

the form previously stipulated to by the parties.

IT IS FURTHER ORDERED that each party shall assume its or his own costs and attorney fees incurred in this matter.

DATED this 22nd day of April 2002.

By Order of the Supreme Court
/s/   Linda Copple Trout
Linda Copple Trout, Chief Justice